UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 05-10001-WGY |
| ) | |
| GREGORY WRIGHT ) | |

**GOVERNMENT'S MOTION REQUESTING PERMISSION TO SUPPLEMENT BASIS FOR REQUESTED DETENTION**

The United States, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby files this Motion Requesting Permission to Supplement Basis for Requested Detention in the above-captioned case.

On January 13, 2005, defendant Gregory Wright appeared before the court for his initial appearance and arraignment on the above-captioned Indictment which charges in one count a violation of 18 U.S.C. §922(g)(1) (felon in possession of firearm). At the time of the initial appearance, the government moved for detention on the basis of 18 U.S.C. §3142(f)(2)(a) - risk of flight and requested a continuance. The detention hearing is now set for January 21, 2005. At this point, prior to the hearing, the government moves to supplement its request for detention under 18 U.S.C. §3142(f)(1)(A) and 18 U.S.C. §3142(f)(1)(D). [1]

---

[1] 18 U.S.C. §3142(f)(1)(A) and (f)(1)(D) read, in pertinent part, as follows: The judicial officer shall hold a hearing to

Submission of Grounds Post-Initial Appearance

A request for detention pursuant to 18 U.S.C. §3142(f)(1)(A-D) requires a motion of the government. F.R.C.P. 47 requires that there be a statement of the grounds upon which the motion is made. While that was done in this case, the question remains as to whether the government may supplement the grounds upon which it seeks detention. In United States v. Carswell, 144 F.Supp. 2d 123, 135 (N.D.N.Y.), the court permitted the motion alleging supplemental grounds to be filed. The court noted:

> ...[T]he general rule requires that the government makes its motion at the defendant's first appearance and state its grounds for doing so. That is not to say, however, that the general rule cannot give way to common sense...
> This court does not hold that the government can never supplement the basis for its detention beyond that asserted at the first appearance.

Carswell, 144 F.2d at 135. See also United States v. Barnett, 2003 WL 22143710 (N.D.N.Y.)(court exercised its discretion to permit supplementation since the application of that section [3142(f)(1)(D)] is contingent on a defendant's prior criminal, record, a fact easily discerned from the ... pre-trial services

---

determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community -(1) upon motion of the attorney for the government in a case that involves - (1) a crime of violence ... or; (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) though (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses..."

report).

As the hearing has not yet been held, defendant has not been prejudiced by this request. In <u>United States v. Connolly</u>, 1999 WL 1995186 (D.Conn.), the court permitted the supplementation of the basis for detention, noting that "the government's initial failure to specify this ground has caused the defendant to suffer any prejudice in arguing for his release."  The court noted that the defendant was "able to challenge fully the government's request for detention" and that "[b]ecause the defendant has not suffered any prejudice, the government's amended motion will be considered by the court."  <u>Connolly</u>, 1999 WL 1995186, *3.

Wherefore, the government respectfully requests that the court grant this Motion and permit the government to supplement its basis for detention of the defendant.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:   /s/Nadine Pellegrini
       Nadine Pellegrini
       Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery and by electronic filing:

        Charles Rankin, Esq.
        Rankin & Sultan
        1 Commercial Wharf North
        Boston, MA 02110

This 13th day of January, 2005.

                    <u>/s/Nadine Pellegrini</u>
                    Nadine Pellegrini
                    Assistant U.S.  Attorney