# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                        CRIMINAL NO. 2005-10001-WGY

GREGORY ROY WHITE,
    Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    Gregory White ("White" or "the defendant") appeared on February 4, 2005 with counsel for a detention hearing. He is charged with "knowingly" possessing a firearm and ammunition on November 8, 2004, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

    The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety

of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that-
>
> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State or local offense; and
>
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

The instant case is one "...described in subsection (f)(1)..." of section 3142, specifically subsection (f)(1)(D).[1]  White was convicted of distributing

---

[1] By using subsection (f)(1)(D), the Court sidesteps the rather uncertain question as to whether a violation of 18 U.S.C. § 922(g)(1) is a "crime of violence." *See Leocal v. Ashcroft*, ___ U.S. ___ , 125 S. Ct. 377 (2004).

and dispensing Class B substances in the Dorchester District Court on May 21, 2003. He was also convicted of assault and battery with a dangerous weapon in the Dorchester District Court on April 19, 2000. The first is a drug offense for with a maximum prescribed prison term of ten years or more. The second is a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(A) which provides:

> (4) the term "crime of violence" means -
>
> > (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the *person...of another*...

Emphasis supplied.

So, in the words of 18 U.S.C. § 3142(f)(1)(D), White has been convicted of "two...State...offenses that would have been offenses described in subsections (A) and (C) (18 U.S.C. § 3142(f)(1)(A)(C)) if a circumstance giving rise to Federal jurisdiction had existed...". Thus, the first requirement of the presumption has been met.

As to the second requirement, on the date on which he committed the crime of distributing and dispensing a Class B substance, i.e., August 1, 2002, White was on release from the Dorchester District Court on a charge of assault

and battery with a dangerous weapon.

Lastly, as to the third requirement, not more than five years have elapsed since May 21, 2003 when he was sentenced to a year's imprisonment for the crime of distributing and dispensing a Class B substance.

Thus, it is presumed that no conditions or combination of conditions of release will reasonably assure the safety of other persons and the community. Although the First Circuit has not had occasion to construe this presumption, I will assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the case of *United States v. Jessup,* 757 F.2d 378 (1 Cir., 1985). The presumption does not shift the burden of persuasion to the defendant; it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the safety of other persons and the community.

In the case instant case, the defendant has utterly failed to meet his

burden of production. The defendant offered no evidence at the detention hearing, and counsel only suggested that the defendant be placed in an in-patient drug treatment program.[2] Therefore, he will be detained on the basis of the presumption.

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

---

[2] Since the defendant is in state custody serving a sentence and is not expected to be released until sometime in April or May of this year, counsel may, when the defendant's release date approaches, file a motion seeking release to an in-patient drug program, and the Court will assess whether such release is appropriate in view of the circumstances appertaining at that time. It may well be that at the time of the defendant's release from state custody, the date set for the trial of the charges in the instant case would not make a pre-trial commitment to an in-patient drug program a feasible option.

defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: February 7, 2005.