UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )  CRIMINAL NO. 05-10001-WGY
                                )
GREGORY WRIGHT                  )


               **GOVERNMENT'S MEMORANDUM IN OPPOSITION**
                **TO DEFENDANT'S MOTION TO SUPPRESS**

   The United States of America, by and through its attorneys, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts, and Nadine Pellegrini, Assistant U.S. Attorney, hereby files this Memorandum in Opposition to the Defendant's Motion to Suppress as follows:

   1.  Pursuant to the principles articulated in Terry v. Ohio, 392 U.S. 1 (1968), a brief investigatory intrusion is permitted when law enforcement officers have a reasonable suspicion that criminal activity is afoot. Terry, 392 U.S. at 30.

   2.  Reasonable suspicion is found when based upon "specific and articulable facts which, taken together with rational inferences from those facts reasonably warrant that intrusion." Terry, 392 U.S. at 21.

   3.  "[A] location's characteristics are relevant in determining whether the circumstances are sufficiently suspicious to warrant further investigation." Adams v. Williams, 407 U.S. 143, 144.

4. Further, "nervous, evasive behavior" can be a pertinent factor in determining reasonable suspicion. "Headlong flight – whenever it occurs–is the consummate act of evasion." <u>Illinois v. Wardlow</u>, 528 U.S. 119 (2000).

5. In this case, law enforcement officers' observations of the defendant in a high crime area, coupled with the defendant's unprovoked flight and failure to stop in response to police commands, provide the appropriate basis for the investigatory stop and frisk. See attached affidavit in support.

6. The weapon and ammunition found on the defendant's person was a result of a proper stop and frisk and should not be suppressed.

>                Respectfully submitted,
>
>                MICHAEL J. SULLIVAN
>                United States Attorney
>
>
>            By: /s/Nadine Pellegrini
>                Nadine Pellegrini
>                Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Charles Rankin, Esq.
        Rankin & Sultan
        1 Commercial Wharf North
        Boston, MA 02110


This 15th day of April, 2005.


                /s/Nadine Pellegrini
                Nadine Pellegrini
                Assistant U.S.  Attorney

Affidavit of Lisa Rudnicki

I, Lisa Rudnicki, hereby affirms the following statements under the pains and penalties of perjury:

1. I am employed as a Special Agent with the Bureau of Alcohol, Tobacco and Firearms and have been so employed for the past nine years.

2. Based upon information and belief, said sources being review of documents and interviews of persons involved in the investigation, I am familiar with the facts of the arrest of Gregory Wright.

3. That on November 3, 2004, members of the Boston Police Youth Violence Strike Force were in vehicles the area of Blue Hill Avenue and were in several vehicles.

4. That said area was known to the officers as a high crime area for drug sales and firearms violations, including shootings.

5. That, on the day in question and in the vicinity of 1216 Blue Hill Avenue, the officers observed a vehicle parked and partially blocking an entrance to a mini mart.

6. That, as the officers in the first vehicle were driving past the vehicle, the Defendant, Gregory Wright, was seen seated in the vehicle and was observed watching the progress of the unmarked vehicle.

7. That, after the first vehicle passed, Gregory Wright got out of the vehicle and was observed starting to run down Blue Hill Avenue, clutching at the pocket of his hooded sweatshirt.

7. That Gregory Wright ignored verbal commands from police officers to stop for the police.

8. That Gregory Wright struggled and fought with the police and did not permit them to conduct a pat-down frisk.

9. That, during the scuffle, an officer found a .22 caliber handgun in the pocket of Wright's sweatshirt, the same pocket he was observed clutching as he ran.

*/s/ Lisa A. Rudnicki*
Lisa Rudnicki

Dated: