UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1:05 – CR-1001 – WGY

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| GREGORY WRIGHT | ) |
| | ) |

CITY OF BOSTON POLICE DEPARTMENT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA

I.   INTRODUCTION

The defendant , Gregory Wright, served a subpoena on the Boston Police Department (the "Department") seeking production of:

> [t]he complete, unredacted records of any Internal Affairs investigations and proceedings concerning the three Police Officers listed below including, but now limited to, complaints, complaint control forms, investigative memoranda, transcripts of witness interviews, witness statements, other evidentiary material relied upon by the Department in the course of its investigations, documentation of all investigatory findings on any and all complaints, documentation of the disposition of any and all complaints, and documentation of any sanctions imposed and/or Settlement Agreements executed.
>
> 1. Officer Gregory Brown
> 2. Officer Lawrence Celester
> 3. Officer Mark Boardley.   (See *Exh. A, subpoena*).

On April 4, 2005, the Department provided AUSA Nadine Pellegrini, all Department records responsive to a subpoena pursuant to Giglio v. United States, 405 U.S. 150 (1972). On June 10, 2005, a motion to suppress hearing began before this court

and was continued for further hearing to July 18, 2005. The Department received this subpoena on July 14, 2005 and it was reviewed on July 15, 2005, when the employee responsible for providing subpoena responses returned from a day of bereavement. This matter was brought to my attention on Monday, July 18, 2005.

II.     ARGUMENT

The scope of discovery is within the discretion of the District Court. U.S. v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992). A party seeking discovery from a third party in a criminal matter bears the burden of showing that the material he seeks is evidentiary and relevant. U.S. v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952); U.S. v. Nixon, 418 U.S. 683, 702, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974). Mere speculation as to the contents of documents is "hardly a showing of relevance." U.S. v. Concemi, 957 F.2d 942, 950 (1st Cir. 1992).

Further, to be subject to disclosure in a criminal matter, the evidence sought must be favorable to the defendant, and must be admissible. Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972). To be admissible, specific instances of conduct which the defendant seeks to use to impeach the credibility of a witness must be probative of truthfulness or untruthfulness. F.R.Evid. 608(b).

In United States v. Lafayette, 983 F.2d 1102, 1106 (D.C.Cir. 1993) the Court dealt with a defendant's motion for a new trial, predicated in part on the trial court's refusal to allow access to the disciplinary files of law enforcement witnesses. The District Court of Appeals rejected the defendant's argument, finding that the defendant

offered nothing beyond his speculative belief that the files might bear impeachment information:

> ... [I]t is questionable whether the appellants have presented anything that could even be used as impeachment evidence ... much less that they have established a right to discover the contents of his personnel file in a fishing expedition for impeachment testimony ...
> Although 608(b) of the Federal Rules of Evidence does state that specific instances of misconduct may be admissible to impeach a witness, that rule does not require or imply that every negative bit of evidence existing concerning a witness may be dragged into a case no matter how remote or minor the alleged misconduct. ...
> Were we to grant the relief sought in this case on [defendant's unsupported "belief"], the potential for mischief would be boundless. Any dissatisfied defendant ... would have a right to prowl through the personal history, including confidential records, of any witness against him simply by informing his attorney that "it is believed that" something detrimental might be out there somewhere.

Id., 983 F.2d 1102, 1105-06.

Here, the defendant has failed to show how the records he seeks are evidentiary and relevant. The defendant has offered nothing in support of his request for these confidential records. Since the defendant has not established a right to discover the contents of these records and this subpoena is merely a fishing expedition, this Court should quash the subpoena. See U.S. v. Lafayette, 983 F2d 1102, 1106 (D.C. Cir. 1993).

CITY OF BOSTON POLICE EPARTMENT<br>
By its attorney:<br>
<br>
_____<br>
Margaret M. Buckley (BBO 561101)<br>
Staff Attorney<br>
Boston Police Department<br>
One Schroeder Plaza<br>
Boston, MA 02120<br>
(617) 343-4550

July 18, 2005

# Exhibit A

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

| UNITED STATES | SUBPOENA IN A |
| V. | CRIMINAL CASE |
| GREGORY WRIGHT | |

Case Number: 1:05 - CR - 10001 - WGY

TO: Keeper of the Records
Boston Police Department
One Schroeder Plaza
Boston, MA 02120
Attn: Catherine L. Teahan, Office of the Legal Advisor

☑ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court, District of Massachusetts<br>John Joseph Moakley United States Courthouse<br>One Courthouse Way, Boston, MA 02210 | #18, 5th FLOOR |
| | DATE AND TIME |
| | 7/18/2005 2:00 pm |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

The complete, unredacted, records of any Internal Affairs investigations and proceedings concerning the three Police Officers listed below including, but not limited to, complaints, complaint control forms, investigative memoranda, transcripts of witness interviews, witness statements, other evidentiary material relied upon by the Department in the course of its investigations, documentation of all investigatory findings on any and all complaints, documentation of the disposition of any and all complaints, and documentation of any sanctions imposed and/or Settlement Agreements executed.

1. Officer Gregory Brown
2. Officer Lawrence Celester
3. Officer Mark Boardley

SARAH A. THORNTON
U.S. MAGISTRATE JUDGE OR CLERK OF COURT



DATE
JUL 13 2005

(By) Deputy Clerk

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Charles W. Rankin and Michelle Menken
Rankin & Sultan, One Commercial Wharf North, Boston, MA 02110
617-720-0011

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10001-WGY

UNITED STATES

v.

GREGORY R. WRIGHT

ORDER

It is hereby ordered that any subpoena issued by a party to the above-captioned case, or by a person lawfully representing a party in this matter, is enforceable as an Order of this Court. The recipient is ordered to comply with the subpoena. If the recipient believes that there is a lawful basis to resist complying with the subpoena, the recipient shall, in advance of the date set forth in the subpoena, file a motion to quash with the Clerk of this Court, accompanied by a memorandum and affidavit. Copies of any such motion, memorandum, and affidavit shall be served on counsel for the parties.

Dated: July 15, 2005            Signed: _____
                                William G. Young, Chief Judge
                                United States District Court