UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10001-WGY

UNITED STATES

v.

GREGORY R. WRIGHT

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant submits this sentencing memorandum to assist the Court in fashioning an appropriate sentence in this case.

**The Advisory Guideline Calculation**

The parties and the Probation Department are in agreement that the total offense level is 21, calculated by using USSG § 2K2.1(a)(2) because the defendant committed this offense after sustaining two convictions for a crime of violence or a controlled substance offense, and deducting three levels for acceptance of responsibility. The Probation Department calculates that the defendant has 11 criminal history points, placing him in Criminal History Category V. That yields an advisory guideline sentencing range of 70 to 87 months.

The defendant disputes the calculation of the number of criminal history points. Specifically, the defendant contends that he only has nine criminal history points, placing him in category IV, which carries an advisory guideline sentencing range of 57 to 71 months. The dispute concerns the two points assigned in paragraph 39 because the probation officer contends that, at the time of the

instant offense, the defendant was on probation as a result of the Dorchester District Court conviction described in paragraph 36.

A case recently decided by the Supreme Judicial Court makes it clear that the defendant was not on probation at the time of this offense. In Commonwealth v. Aquino, 445 Mass. 446, 450, 838 N.E.2d 572, 575 (Dec. 2, 2005), the Court held that the act of filing a probation violation notice does not serve to extend the term of probation. Rather, there must be an explicit order extending probation beyond the original termination date, which order may enter only after notice and an opportunity to be heard. A copy of the Aquino decision is attached as Exhibit A.

In Mr. Wright's case, the instant federal offense occurred on November 8, 2004. The Dorchester District Court case referred to in paragraph 36 arose on October 10, 2003. The defendant was charged with breaking and entering with intent to commit a misdemeanor and malicious destruction under $250. (He had tried to enter his girl friend's apartment, and when he could not get in, he broke the lock on the door.) On October 29, 2003, the defendant pled guilty and was placed on probation for one year, until October 29, 2004. A copy of the casefile from the Dorchester District Court is attached as Exhibit B. The docket sheet shows that a preliminary surrender hearing was conducted on May 10, 2004, that probable cause was found and the defendant was not detained. It shows that on July 6, 2004 a probation surrender hearing was conducted, no cause was found, and the matter was continued until October 29, 2004 for a review.[1] On October 28, 2004, the case was advanced and continued until November 9, 2004. The next event was a surrender hearing on

---

[1] A Probation Violation Finding and Disposition sheet from the case file shows that the defendant was found in violation of probation on July 6, 2004 for failure to make a required payment, and the disposition was that the defendant was admonished. Significantly, there is a box on the form to modify the previously imposed conditions, and that box was not checked. That is where an order extending probation would have been noted.

December 13, 2004, at which time he was found in violation of probation and given six months to serve.² There is no indication in the docket or the casefile that the probation was extended beyond the original termination date of October 29, 2004.

The Court in <u>Aquino</u> made it clear that there must be an explicit order extending probation. It is not enough to give the defendant notice that a violation hearing will take place, even if the violation hearing is scheduled after the date of probation termination. While the court retains jurisdiction after termination of probation to find someone in violation of probation for conduct that occurred <u>before</u> termination of probation, the fact that the probation violation is being litigated <u>after</u> the termination of probation does not extend the term of probation.

For this reason, the defendant's advisory guideline range is level 21, CHC IV, 57 to 71 months.

**The Statutory Factors that Must Be Considered**

Under 18 U.S.C. § 3553(a), the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 3553(a)(2). Among the factors that the Court must consider are the history and characteristics of the defendant.

The presentence report and the report of Dr. Daignault paint a picture of a tragic childhood.

---

² It appears that the defendant was given six months to serve on the probation violation because of his conduct in the instant case. The docket sheet shows that on November 29, 2004, summonses, requiring their appearance at the December 13, 2004 probation hearing, were issued to Boston Police Officers Greg Brown, Larry Celester, and Craig Jones, and Trooper Outerbridge, all of whom were involved in the defendant's arrest on November 8, 2004. If the basis for the 6 months sentence was the post-probation arrest, then under <u>Aquino</u>, the defendant would be entitled to vacate the finding. That would save the defendant one additional criminal history point, reducing his point total to eight criminal history points. That would not make any difference in the advisory guideline sentencing range, because the defendant would still be in CHC IV.

It appears that the defendant sustained a head injury at age two as a result of a playground fall, and that the defendant's conduct thereafter was characterized by emotional outbursts. The defendant was physically abused by his father at a young age. Shortly after the divorce of his mother and father, the defendant lost contact with his father. That sense of loss has loomed large in the defendant's life. The defendant was exposed to persistent violence as a child. He witnesses a shooting while still a young child and was so traumatized that he could not flee from the scene. He found a babysitter's body after she had committed suicide. His mother expresses regret that the family moved to the Harbor Point housing project when the defendant was 12 years old, because he fell in with the wrong crowd. Psychological reports prepared when the defendant was 12 and 13 years old indicate that there is an organic basis to his behavior problems. They describe the defendant as having feelings of anger and sadness that are overwhelming. He was tormented by other children as being retarded, apparently because he was in special needs classes, even though his IQ is not in the retarded range. Despite the best efforts of his mother and step-father, the defendant was unable to adjust. He responded well to a course of Ritalin at age 13, but the special services the defendant received were terminated when the family moved to Randolph. He resisted the move to the safer environment in Randolph, and his involvement with the criminal justice system began at age 14. At the age of 17, in 1996, the defendant was shot and seriously wounded. He was hospitalized for 18 days. After that event, he became paranoid and Dr. Daignault and others diagnosed the defendant as suffering from post traumatic stress disorder. He also developed a dependence on Percocet that persisted until his arrest in the instant case. While originally prescribed as a pain killer while he was recovering from his gunshot wound, the defendant became addicted, buying it on the street. Finally, shortly before the instant offense, the defendant's brother had been shot, and was in the car when the events of

-4-

November 8, 2004 occurred. The brother was wearing a colostomy bag as a result of his gunshot wound.

In Dr. Daignault's report there are two especially telling things. First, the defendant stated that as a child, he felt that there was something wrong with him. Second, Dr. Daignault describes a long history of depression and other psychological problems. Dr. Daignault has recommended a series of measures designed to help the defendant conform his conduct to the requirements of the law, once he is released.

- First, the defendant should participate in a residential substance abuse program, such as the 500 hour Residential Drug Abuse Program run by the Bureau of Prisons[3]
- Weekly psychotherapy, focused on behavior modification to control the defendant's anger;
- Psychopharmacological evaluation and treatment – the defendant responded well to Ritalin as an adolescent;
- Supervision by the Probation Department;
- Regular, random drug tests;
- Participation in AA and/or NA five times per week;
- Active employment and educational efforts.

**Recommendation**

The defendant recommends that the Court sentence him to a term of incarceration of 48 months, followed by three years of supervised release. This represents a variance below the 57 month low end of the guideline sentencing range. The defendant suggests that the variance is

---

[3] Because of his conviction of a firearms offense, the defendant will not be eligible for a reduction of his sentence, even if he completes the program.

appropriate because of the many factors that have contributed to the defendant's history and characteristics. Morevoer, that period of incarceration can serve to get the defendant the time in custody to complete the RDAP program, and permit him to enter a period of intensive supervised release.

Besides these requests, the defendant asks that the Court recommend that the defendant receive credit towards his sentence for the periods of time from November 8 to December 13, 2004 and from April 13, 2005 to date. In addition, the defendant asks that the Court recommend that the Bureau of Prisons assign the defendant to a halfway house for a full six months at the end of his sentence, so that the defendant will be able to re-integrate himself into the community in a supportive environment.

                                      Respectfully submitted
                                      The defendant Gregory Wright
                                      By his counsel

                                      /s/ Charles W. Rankin
                                      _____
                                      Charles W. Rankin
                                      BBO No. 411780
                                      Rankin & Sultan
                                      151 Merrimac St., 2nd floor
                                      Boston, MA 02114-4717
                                      (617) 720-0011

January 28, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non participants on January 28, 2006.

                                      /s/ Charles W. Rankin
                                      _____
                                      Charles W. Rankin

-- EXHIBIT A --

Supreme Judicial Court of Massachusetts,
Hampden.
COMMONWEALTH
v.
Milton AQUINO.

Argued Oct. 5, 2005.
Decided Dec. 2, 2005.

**Background:** In probation revocation proceeding, the Superior Court Department, Hampden County, Tina S. Page, J., terminated defendant's probation and sentenced him to two to four years in prison. Defendant appealed. Commonwealth filed application for direct appellate review.

**Holding:** Upon grant of application, the Supreme Judicial Court, Cowin, J., held that trial court lacked jurisdiction to revoke defendant's probation and impose sanctions on him for behavior occurring after date on which his probation was scheduled to terminate.

Remanded.

West Headnotes

**[1] Sentencing and Punishment ⚷1948**
350Hk1948 Most Cited Cases
Trial court lacked jurisdiction to revoke defendant's probation and impose sanctions on him for behavior occurring after date on which his probation was scheduled to terminate, though defendant was on notice that revocation proceedings had begun but had been continued at his request; trial court retained jurisdiction to act beyond original period of probation, but it could not penalize defendant for violations committed beyond that period, fact that defendant was on notice that his case was still pending did not serve to extend probation, and defendant's request for continuance to obtain counsel did not serve as implicit consent to extension of his probation pending outcome of revocation proceeding.

**[2] Sentencing and Punishment ⚷1948**
350Hk1948 Most Cited Cases
A court retains the authority to act beyond the original period of probation, but it may not penalize a probationer for violations committed beyond that period, and the court must decide the question of extension or revocation of probation within a reasonable time.

**[3] Sentencing and Punishment ⚷1950**
350Hk1950 Most Cited Cases
Probation may be extended only after notice and compliance with other requirements; the probationer is entitled to an opportunity to be heard, the right to counsel, and specific findings of fact.

**\*\*572** Douglas J. Beaton for the defendant.

Dianne M. Dillon, Assistant District Attorney, for the Commonwealth.

David J. Nathanson, Committee for Public Counsel Services, Boston, for Committee of Public Counsel Services, amicus curiae, submitted a brief.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

COWIN, J.

**\*446** We are called on to decide whether the Superior Court has jurisdiction to revoke probation and impose sanctions for behavior occurring after the date on which a defendant's probation was scheduled to terminate when the defendant was on notice that revocation proceedings had begun but had been continued at his request.

The essential facts are contained in a Superior Court judge's memorandum of **\*\*573** decision and are not disputed. [FN1] On July 13, **\*447** 1998, the defendant, Milton Aquino, pleaded guilty to stalking and was sentenced to two and one-half years in a house of correction. He was also placed on probation for a period of three years, with a scheduled probation expiration date of February 15, 2003. [FN2], [FN3] The defendant was notified that because he had failed to perform community service and to pay a probation supervision fee, he was "required to report" for an administrative hearing on January 30, 2003. Although the notice stated that failure to report for the hearing "is a violation of your probation," the defendant did not appear for the hearing. Accordingly, a notice of violation of probation was sent to him on February 3. A prerevocation hearing was scheduled for February 12, 2003; at the request of the defendant, the judge continued the hearing until February 20, so that the defendant could hire an attorney. No hearing went forward that day because the attorney for the defendant could not be present. The court continued the matter until February 27.

> FN1. Where necessary, the facts in the judge's memorandum of decision are supplemented with uncontested evidence

appearing in the record.

>FN2. The defendant also received concurrent one-year sentences to a house of correction on two convictions of violating abuse prevention orders and two convictions of assault and battery. In addition, he pleaded guilty to breaking and entering with the intent to commit a misdemeanor and was ordered to serve six months of probation concurrent with the three-year probation.

>FN3. The scheduled probation expiration date is less than five and one-half years after the date of sentencing. That is explained by the fact that the sentence of two and one-half years was imposed concurrently with a sentence the defendant was then serving on a "District Court case" with "credit [for] 168 days."

In the interim, on February 21 and February 26, 2003, the defendant telephoned the complainant in the underlying indictments and threatened her. A criminal complaint issued against him for these offenses on February 27, 2003. As a result, the prerevocation hearing was rescheduled for March 18. On that date, a dangerousness hearing on the new charges, see G.L. c. 276, § 58A, was held in the District Court. The defendant was found to be dangerous and held without bail. After the hearing, he was served with an amended notice of violation that included the new charges.

A probation surrender hearing was scheduled for May 6, 2003, and, on that date, the defendant "did not challenge" the violations contained in the surrender notice, including the subsequent arrest. He did request that any sentence imposed not **\*448** exceed six months in a house of correction. The Commonwealth sought a sentence to State prison and "relied heavily" on the defendant's threatening conduct as charged in the new complaints. The judge terminated probation and sentenced the defendant to from two to four years at the Massachusetts Correctional Institution, at Cedar Junction. The sentence took into consideration the "nature of the post probation[ ] conduct."

The defendant moved for reconsideration on the ground that the judge erred in fashioning a sentence that considered conduct occurring after his probationary term. The judge agreed with the defendant and allowed the motion for reconsideration, noting in her memorandum and order that she would not have imposed a State prison sentence if the only infractions had been the so-called "technical" violations contained in the original notice of surrender. The Commonwealth then moved for reconsideration on the ground that the defendant **\*\*574** remained on probation when he committed the new offenses.

The judge vacated her initial order of reconsideration and the sentence imposed remained in effect. She denied the defendant's second motion for reconsideration. The defendant appealed and we granted the Commonwealth's application for direct appellate review. We conclude that, on these facts, the judge could not sanction the defendant for violations committed after his scheduled termination of probation on February 15, 2003.

Both parties are in agreement that the probationer may not be penalized through probation revocation proceedings for offenses occurring after probation has ended. [FN4] The question posed is when the defendant's probation ended. The Commonwealth contends that because the defendant received notice of violations during the probation period and revocation proceedings were continued at the defendant's request beyond the scheduled termination date, the defendant remained on probation beyond that termination date and therefore could be penalized as part of the probation process for new offenses committed before his probation was actually terminated. According to the Commonwealth, a court can exercise inherent power to issue orders pursuant to its duty to supervise the defendant. The defendant **\*449** maintains that a judge cannot consider offenses committed after the expiration of his probationary term, even though such offenses were committed before his formal discharge from probation.

>FN4. The defendant may of course be prosecuted for the new offenses by means of a new complaint.

[1] The case is governed by Commonwealth v. Sawicki, 369 Mass. 377, 339 N.E.2d 740 (1975). There, a judge in the Superior Court reported the question whether the Superior Court had jurisdiction after the expiration of a defendant's term of probation to enter an order extending the term of that probation based on the defendant's violations of conditions of probation that occurred during the term. We answered the question affirmatively, and noted that, although there is "power in the court [to act] beyond the probationary period ... we of course confine the power to action in respect to violations committed during the period." Id. at 384, 339 N.E.2d 740. Thus, in the Sawicki case, although we concluded that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the judge retained jurisdiction to act beyond the term of probation and could extend that term, we stated that the acts that constituted the basis for that extension must have been violations of probation committed within the scope of the probationary term in question. Id.

[2] Similarly, in the present case, a court retains the authority to act beyond the original period of probation, but it may not penalize the defendant for violations committed beyond that period. We add, as we did in the Sawicki case, that the judge must "decide the question of extension or revocation of probation within a reasonable time." Id. at 384-385, 339 N.E.2d 740. But see Commonwealth v. Odoardi, 397 Mass. 28, 35-37, 489 N.E.2d 674 (1986) (probation revoked twenty-two months after indictments on new charges, seven months after date of convictions, and nearly six months after date probation due to expire; delay not shown to be unreasonable where record did not indicate either that Commonwealth failed to act diligently or that defendant was prejudiced); Commonwealth v. Collins, 31 Mass.App.Ct. 679, 681-684, 583 N.E.2d 262 (1991) (although probation revocation proceeding **575 was commenced more than five years after commission of offenses on which revocation was based and almost four years after defendant's probation would have expired, delay was not unreasonable and did not constitute due process violation).

[3] The Commonwealth contends that the Superior Court was *450 responsible for supervising the defendant until "final disposition" of the case and that, because that had not yet occurred, the judge had inherent power to compel compliance with the probationary terms until an order entered terminating probation. The Commonwealth's argument concerning inherent power does not comport with our holding in Commonwealth v. Jackson, 369 Mass. 904, 923-924, 344 N.E.2d 166 (1976), that a court has no "inherent power" to create or impose periods of probation without explicit legislative authorization. To the extent the Commonwealth suggests that the defendant's probation was extended on February 12, 2003, because he "was on notice that his case was still pending," such notice cannot extend probation. Probation may be extended only after notice and compliance with other requirements. See, e.g., Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 488-489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Commonwealth v. Harrison, 429 Mass. 866, 867-868, 712 N.E.2d 74 (1999). The defendant is entitled, inter alia, to an opportunity to be heard, see id.; the right to counsel, see Commonwealth v. Faulkner, 418 Mass. 352, 364-365, 638 N.E.2d 1 (1994); and specific findings of fact, see Commonwealth v. Marvin, 417 Mass. 291, 292 n. 1, 629 N.E.2d 1317 (1994). Finally, the Commonwealth asserts that the defendant's request for a continuance to obtain counsel was a waiver of his constitutional rights. The assertion of one right (the right to counsel) does not act as a waiver of other rights (e.g., the right to be heard, the right to specific findings), see Commonwealth v. Cavanaugh, 371 Mass. 46, 55-56, 353 N.E.2d 732 (1976). [FN5]

> FN5. Along with its claim of "waiver," the Commonwealth asserts that the defendant should be "estopped" from arguing that his probation ended at the expiration of the original term. In essence, the Commonwealth contends that, by means of his request for a continuance of the February 12, 2003, hearing to a date that would be beyond the expiration of his original probationary term, the defendant implicitly consented to the extension of his probation pending the outcome of the revocation proceedings. We see no such waiver or consent on this record, particularly given the proposition that a waiver of constitutional rights must be express and cannot be implied. See, e.g., Ciummei v. Commonwealth, 378 Mass. 504, 509, 392 N.E.2d 1186 (1979) (where defendant waives right to jury trial, colloquy required to make "clear record" of defendant's waiver and to ensure that waiver was made "voluntarily and intelligently"). A waiver of constitutional rights and a consent to the extension of probation do not lurk in a mere request for a continuance.

Because we cannot determine on the record presented what action the judge would have taken had she found the defendant *451 in violation of probation based on the violations committed during the original period of probation, we remand the case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# CRIMINAL DOCKET

**DOCKET NO:** 0307CR006328

**COURT DIVISION:** Dorchester
**INTERPRETER REQUIRED:** ☐

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
WRIGHT, GREGORY
107 OAK STREET
RANDOLPH, MA 02368

**DEFT DOB AND SEX:** 03/28/1979  M

**DATE OF OFFENSE(S):** 10/10/2003
**PLACE OF OFFENSE(S):** DORCHESTER

**COMPLAINANT:** BERTE, P.O. SAMUEL
**POLICE DEPARTMENT:** BOSTON PD - AREA B-3

**DATE OF COMPLAINT:** 10/10/2003
**RETURN DATE AND TIME:** 10/10/2003 09:00:00

**DATE and JUDGE:** Cobb 10/10/03

**DOCKET ENTRY:**
- ☐ Attorney appointed (SJC R 3:10)
- ☐ Atty denied and Deft Advised per 211D §2A
- ☐ Waiver of counsel found after colloquy
- Terms of release set: 250 cash
  - ☐ PR  ☐ Bail:
  - ☐ Held (276 §58A)
  - ☐ See back for special conditions
- Arraigned and advised:
  - ☒ Potential of bail revocation (276 §58)
  - ☒ Right to bail review (276 §58)
  - ☐ Right to drug exam (111E §10)
- Advised of right to jury trial:
  - ☐ Does not waive
  - ☐ Waiver of jury trial found after colloquy
- ☐ Advised of trial rights as pro se (Supp. R. 4)
- ☐ Advised of right of appeal to Appeals Ct (R. 28)

*ORIGINAL*  150AF

---

**COUNT/OFFENSE 1.** 266/127/C DESTRUCTION OF PROPERTY -$250, MALICIO

RESTITUTION: Psf   V/W ASSESSMENT: 50.00

**DISPOSITION DATE and JUDGE:** OCT 29 2003  Miller

**DISPOSITION METHOD:**
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

**FINDING:**
- ☐ Not Guilty
- ☒ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION:**
- ☒ Probation — 1 year probation 10/29/04

---

**COUNT/OFFENSE 2.** 266/16A B&E FOR MISDEMEANOR c266 §16A

**DISPOSITION DATE and JUDGE:** OCT 29 2003  Miller

**DISPOSITION METHOD:**
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning

**FINDING:**
- ☒ Guilty

**SENTENCE OR OTHER DISPOSITION:**
- ☒ Probation — 1 year probation 10/29/04 concurrent with Count "1"

---

**EXHIBIT B**

**COURT ADDRESS:**
Dorchester District Court
510 Washington Street
Dorchester, MA 02124

A TRUE COPY ATTEST: X  CLERK-MAGISTRATE/ASST. CLERK

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | TAPE NO | START | STOP |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 10/10/03 | PTH | ☐ Held | ☐ Cont'd | 10/29/03 PTH | Cuffer | 3010 | 1990 | |
| 2 | 10 29 03 | PTH | ☐ Held | ☐ Cont'd | 10 29 04 REVIEW | Miller | 3221 | 1653 | |
| 3 | 5 10 04 | AJV | ☐ Held | ☐ Cont'd | 7 6 04 PSH | | 3221 | 3255 | |
| 4 | 7 6 04 | PSH | ☐ Held | ☐ Cont'd | 9 27 04 REVIEW | Hanlon | 1427 | 1762 | 2131 |
| 5 | | | ☐ Held | ☐ Cont'd | | Ronquillo | 2041 | 1063 | |
| 6 | SEP 27 2004 | Rev. | ☐ Held | ☒ Cont'd | 12-13-04 Rev. | J. Ronquillo | 2888 | 2310 | |
| 7 | 10-28-04 | Advanced | ☐ Held | ☒ Cont'd | 11-9-04 PSH | | | | |
| 8 | 12-13-04 | F.S.H | ☐ Held | ☐ Cont'd | | | | | |
| 9 | | | ☐ Held | ☐ Cont'd | | | | | |
| 10 | | | ☐ Held | ☐ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 10-10-03 | MITT ISSUED RET. 10-29-03  sh |
| 10 29 03 | Atty Vicenty Ada Russell DS plea offered.  Miller/HW |
| 11/14/03 | Motion to Revise + Revoke; Affidavit of Counsel filed by Atty. Jose Vincenty |
| 5-10-04 | Def Arrested  VB |
| 5 10 04 | PO Micarelli Atty White appointed After preliminary surrender hearing probable cause found not detained  Hanlon/HW |
| 7 6 04 | PO Micarelli Atty Abelson After probation surrender hearing no cause found cont 10 29 04 review |
| 10-28-04 | Advanced and continued for PSH 11-9-04 at request of  Ronquillo/HW
PO Micarelli / |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| DOCKET CONTINUATION | | NAME OF CASE Wright, Gregory | DOCKET NUMBER 0307CR006328 |
|---|---|---|---|
| NO. | DATE | DOCKET ENTRIES | |
| | 11/29/04 | Summons sent to PO G Brown B-3 4VSF PO L. Celester, Tpr Osterbridge, PO Craig Joes' at request of PO Micarelli Ret 12-13-04 | |
| | 12/13/04 | CT.2 - VTP = 6 mos. Comm. 20 days crest suff CT.1 - Tem + Disch. | |
| | 12/13/04 | Mitt. Issued.                    JP/ | |

| CRIMINAL COMPLAINT | 0307CR006328 | | | | | | Trial Court of Massachusetts |
|---|---|---|---|---|---|---|---|
| DEFENDANT<br>WRIGHT, GREGORY<br>107 OAK STREET<br>RANDOLPH, MA 02368 | | | | | | | Dorchester District Court |

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE DORCHESTER DISTRICT COURT

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 03/28/1979 | M | B | 5'08" | 195 | BRO | BLK |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| 030547952 | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 10/10/2003 | DORCHESTER |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| BERTE, P.O. SAMUEL | BOSTON PD - AREA B-3 |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 10/10/2003 | 10/10/2003 9:00 AM |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

**ORIGINAL**

COUNT-OFFENSE
1. 266/127/C DESTRUCTION OF PROPERTY -$250, MALICIOUS c

on 10/10/2003 did wilfully and maliciously destroy or injure the personal property, dwelling house or building of AIESHA DIAZ, the value of the property so destroyed or injured not exceeding $250, in violation of G.L. c.266, §127. (PENALTY: imprisonment not more than 2½ months; or fine three times the value of the damage or injury to such property.)

COUNT-OFFENSE
2. 266/16A B&E FOR MISDEMEANOR c266 §16A

on 10/10/2003 did break and enter a building, ship, vessel or vehicle, the property of AIESHA DIAZ, with intent to commit a misdemeanor therein, in violation of G.L. c.266, §16A. (PENALTY: not more than 6 months; or not more than $200; or both.)

COUNT-OFFENSE

COUNT-OFFENSE

| COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE | ON (DATE) | TOTAL COUNTS |
|---|---|---|---|
| X /s/ | X /s/ | 10-10-03 | 2 |

FIRST JUSTICE: Hon. SYDNEY HANLON

COURT ADDRESS: Dorchester District Court, 510 Washington Street, Dorchester, MA 02124

A TRUE COPY ATTEST: X   CLERK-MAGISTRATE/ASST. CLERK   ON (DATE)

| DOCKET NUMBER | FINDING OF JUDGE -- DETERMINATION OF INDIGENCY |
|---|---|
| 0307CR006328 | |

After considering the report and recommendation of the probation officer or other appropriate court employee, and after interrogating the defendant named in the complaint on the reverse side, if appropriate, based upon the standards in Supreme Judicial Court Rule 3:10, **I FIND THAT THE DEFENDANT IS:**

☐ **INDIGENT** because the defendant:

- ☐ receives Aid to Families with Dependent Children (AFDC).
- ☐ receives Emergency Aid to Elderly, Disabled and Children (EAEDC).
- ☐ receives poverty-related veterans' benefits.
- ☐ receives food stamps.
- ☐ receives refugee resettlement benefits.
- ☐ receives Medicaid.
- ☐ receives Supplemental Security Income (SSI).
- ☐ is a patient in a mental health facility or treatment center (or is the subject of a proceeding for admission to such a facility) and lacks available funds.
- ☐ is serving a sentence in a correctional institution and has no available funds.
- ☐ is held in custody in a jail and has no available funds.
- ☐ has an annual income, after taxes, 125% or less of the current poverty threshold referred to in G.L. c. 261, § 27A(b).
- ☐ is determined to be indigent pursuant to S.J.C. Rule 3:10, Section 4(b) [Judge's Section 4(b) findings on the record are appended].

☒ **INDIGENT BUT ABLE TO CONTRIBUTE**, and is therefore ordered to pay

$ _150_ toward the cost of counsel because the defendant:

- ☐ has an annual income, after taxes, of more than 125% and less than 250% of the current poverty threshold referred to in G.L. c. 261, § 27A(b).
- ☐ is charged with a felony within the jurisdiction of the Superior Court and has available funds sufficient to pay a portion of the anticipated cost of counsel.
- ☐ is determined to be indigent but able to contribute pursuant to S.J.C. Rule 3:10, Section 4(b) [Judge's Section 4(b) findings on the record are appended].

☐ **NOT INDIGENT** and is able to pay the anticipated cost of counsel [Judge's findings on the record are appended if this finding is pursuant to S.J.C. Rule 3:10, Section 4(b)].

_12-10-03_  _[signature]_
Date                  District Court Justice

---

### CERTIFICATE OF JUDGE -- WAIVER OF COUNSEL

I hereby certify that the defendant named in the complaint on the reverse side has been informed of his/her right to counsel in accordance with Supreme Judicial Court Rule 3:10 and G.L. c. 211D, §5; that he/she has knowingly elected to proceed without a lawyer, and that he/she has:

- ☐ Executed a waiver of counsel in my presence.
- ☐ Refused to sign a waiver.

_____          _____
Date                           District Court Justice

| TENDER OF PLEA OR ADMISSION WAIVER OF RIGHTS | DOCKET NO. 03-6328 | NO. OF COUNTS 2 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|
| INSTRUCTIONS: This form must be typed or printed clearly, completed prior to the Pretrial Hearing, signed by both counsel and submitted to the court by the defendant at or before the Pretrial Hearing. | NAME OF DEFENDANT Gregory Wright | | COURT DIVISION Dorchester District Court 510 Washington Street Dorchester, MA 02124 |

## SECTION I — TENDER OF PLEA

Defendant in this case hereby tenders the following: [X] **PLEA OF GUILTY**   [ ] **ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY** conditioned on the dispositional terms indicated below. Include all proposed terms (guilty finding, finding of sufficient facts, continued without finding, dismissal, fine, costs, probation period and supervision terms, restitution amount including the identification of the recipient of restitution, and any sentence of incarceration, split sentence or suspended sentence, etc.). Number each count and specify terms for each count separately.

| COUNT NO | DEFENDANT'S DISPOSITIONAL TERMS (Check "Yes" if Prosecution agrees – Check "No" If Prosecution disagrees) | YES/NO | PROSECUTOR'S RECOMMENDATION (Required if Prosecutor disagrees with terms) |
|---|---|---|---|
| 1 | G 1 YR prob | [X] YES / [ ] NO | (Same Conditions as Probation's Matter: Fatherhood Program Sub. Abuse Eval. & Trtmt) $50 VW fee |
| 2 | G 1 YR prob concurrent count 1 | [X] YES / [ ] NO | |
|   |   | [ ] YES / [ ] NO | |
|   |   | [ ] YES / [ ] NO | |

WE HAVE CONSULTED WITH THE PROBATION DEPARTMENT REGARDING ANY PROBATION TERMS SET FORTH ABOVE

SIGNATURE OF DEFENSE COUNSEL: [signed]    DATE: 10.28.03
SIGNATURE OF PROSECUTING OFFICER: [signed]    DATE: 10/28/03

## SECTION II — PLEA OR ADMISSION ACCEPTED BY THE COURT

The Court [X] **ACCEPTS** the tendered Plea or Admission on defendant's terms set forth in Section I, and will impose sentence in accordance with said terms, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

## SECTION III — PLEA OR ADMISSION REJECTED BY THE COURT

The Court [ ] **REJECTS** the defendant's dispositional terms set forth above and, in accordance with Mass. R. Crim P. 12(c)(6), has set forth to the defendant the dispositional terms it would find acceptable, to wit:

**DEFENDANT'S DECISION IF COURT REJECTS TENDERED PLEA OR ADMISSION:**

[ ] Defendant **WITHDRAWS** the tendered Plea or Admission; the parties must complete and file a Pretrial Conference Report, a Pretrial Hearing must be conducted and a trial date scheduled, if necessary.

[ ] Defendant **ACCEPTS** terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

SIGNATURE OF JUDGE ACCEPTING OR REJECTING PLEA OR ADMISSION: [signed] Miller    DATE: 10-28-03
SIGNATURE OF DEFENSE COUNSEL (If rejection decision made):    DATE:

DC-CR 22 (8/96)

| APPEARANCE OF COUNSEL | Trial Court of Massachusetts District Court Department |
|---|---|
| **DOCKET NUMBER:** 03 / 07 / CR / 6328 (YEAR / COURT NUMBER / CASE TYPE / CASE NUMBER) <br> *e.g. '93", "94" etc. <br> **e.g. "CR", "CV" etc. | **COURT NAME AND ADDRESS** <br> Dorchester District Court <br> 510 Washington Street <br> Dorchester, MA. 02124 |

**To the Clerk - Magistrate:**

Please enter my appearance as attorney for _Gregory Wright_
in the above numbered court action.     _UOP_

| ATTORNEY NAME | B.B.O. NUMBER (Required) |
|---|---|
| Barry C. Ahelson | 10580 |
| **ATTORNEY FIRM** | **TELEPHONE NUMBER** (617) 512-4433 |
| **STREET ADDRESS** 30 Penobscot St | |
| **CITY/TOWN** Stoughton | **STATE** MA | **ZIP CODE** 02072 |

X _Barry C. Ahelson_     7/6/04
SIGNATURE OF ATTORNEY     DATE

DC-CB-19 (5/94)

| PROBATION VIOLATION: FINDING AND DISPOSITION | Docket number of criminal case in which probation was ordered: 0307CR6328 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| Name of Probationer | Date | Court Name and Address |
|---|---|---|
| Gregory Wright | 7/6/04 | Dorchester Dist |

## I. FINDING ON ALLEGED VIOLATION

THIS COURT HEREBY FINDS, IN THE ABOVE CAPTIONED CASE, AS FOLLOWS:

☐ NO VIOLATION OF PROBATION FOUND.

☒ VIOLATION OF PROBATION FOUND. The above-named probationer is found to have committed the following violation(s) of probation:

☐ Violation of a CRIMINAL LAW(S); namely:

☐ Failure to attend the following rehabilitation PROGRAM as ordered:

☒ Failure to make a required PAYMENT:
— as ordered

☐ Failure to REPORT as required by your probation:

☐ Failure to comply with the following TESTING requirements as ordered:

☐ Failure to comply with OTHER provision of probation order as follows:

The above-listed finding(s) was (were) based on ☐ PROBATIONER'S ADMISSION, or ☐ A HEARING and the preponderance of the credible evidence presented; specifically, (indicate the TESTIMONIAL OR DOCUMENTARY EVIDENCE on which finding of violation was based):

## II. DISPOSITION  To be completed only upon a finding of violation.

☐ The probation order is hereby TERMINATED.
☒ The current conditions of probation are to be CONTINUED; probationer admonished.
☐ The probation order previously issued is hereby MODIFIED as follows:

☐ PROBATION REVOKED. The probation order is hereby REVOKED FOR THE FOLLOWING REASON(S):
  ☐ The safety of the public and/or an individual person or persons.
  ☐ The seriousness of the new offense that has been proved by a preponderance of the evidence.
  ☐ The unlikelihood that the rehabilitative purpose of probation will be achieved.
  ☐ The probationer's record of previous violations.   ☐ The recommendation of the probation department.
  ☐ The seriousness of the offense for which probation was ordered.   ☐ The recommendation of the District Attorney.
  ☐ Other:

7-6-04
Date

X _____
Signature of Judge

DDC 12/21/99

# BOSTON POLICE INCIDENT REPORT



2003 B+E - [scribbled]

ORIGINAL ☒   SUPPLEMENTARY ☐

## KEY SITUATIONS

| TYPE OF INCIDENT | CRIME CODE | COMPLAINT NO | STATUS | REPORT DIST | CLEARANCE DIST |
|---|---|---|---|---|---|
| B&E, RESIDENCE - NIGHT | 0 | 030547952 | | B3 | |

| LOCATION OF INCIDENT | APT | DISPATCH TIME | DATE OF OCCUR | TIME OF OCCUR |
|---|---|---|---|---|
| 164 WESTVIEW ST | | 01:03 AM | A. 10/10/03  B. | A. 01:00 AM  B. |

| VICTIM-COMP. (LAST, FIRST, MI) | PHONE | SEX | RACE | MARITAL STATUS |
|---|---|---|---|---|
| DIAZ, AIESHA | (617)-288-0145 | FEMALE | WHITE HISPANIC | UNMARRIED |

| ADDRESS | APT | OCCUPATION | AGE | D.O.B. |
|---|---|---|---|---|
| 164 WESTVIEW ST, DORCHESTER, MA, 00000-0000 | | HOMEMAKER | 22 | 6/17/1981 |

| PERSON REPORTING | ADDRESS | APT | PHONE |
|---|---|---|---|
| SAME | | | |

### WAS THERE A WITNESS TO THE CRIME

| PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT | HOME ADDRESS | APT | TELEPHONE | RES/BUS |
|---|---|---|---|---|---|---|---|
| WALSH, MELINDA | 18 | ON-SCENE | | 1120 BLUE HILL AVE, MATTAPAN, MA | 2 | (000)-000-0000 | YES ☒ NO ☐ |

### NUMBER OF PERPETRATORS: 1 --- CAN SUSPECT BE IDENTIFIED AT THIS TIME

**PERSONS**

| STATUS | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | PHOTO NO. | ALIAS |
|---|---|---|---|---|---|
| ARRESTED | WRIGHT, GREG ROY | 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 | 20030202103 | | |

| WARRANT NO. | ADDRESS | SEX | RACE | AGE | HEIGHT | DOB |
|---|---|---|---|---|---|---|
| | 107 OAK ST, RANDOLPH, MA, 02368-0000 | MALE | BLACK HISPANIC | 24 | 5-08 | 3/28/1979 |

| SPECIAL CHARACTERISTICS (INCLUDING CLOTHING) | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| | 195 | STOCKY | BLACK | BROWN |

### CAN SUSPECT VEHICLE BE DESCRIBED

**VEHICLES**

| STATUS | REG. STATE | REG. NO. | PLATE TYPE | YEAR(EXP) | MODEL | YES ☐ NO ☒ |
|---|---|---|---|---|---|---|
| VEHICLE MAKE YEAR | VEHICLE NO | | STYLE | COLOR(TOP-BOTTOM) | | |
| OPERATOR'S NAME | | LICENSE NO. | STATE | OPERATOR'S ADDRESS | | |
| OWNERS'S NAME | | OWNERS'S ADDRESS | | | | |

### CAN PROPERTY BE IDENTIFIED

**PROPERTY**

| STATUS | TYPE OF PROPERTY | SERIAL OR I-DENTI-GUARD NO. | BRAND NAME-DESCRIPTION | MODEL | VALUE | UCR | YES ☐ NO ☒ |
|---|---|---|---|---|---|---|---|
| DESTROYED / DAMAGED / VANDALIZED | DOOR | | | | | | |

### IS THERE A SIGNIFICANT M.O.

**M.O.**

| TYPE OF WEAPON-TOOL | NEIGHBORHOOD | TYPE OF BUILDING | PLACE OF ENTRY | YES ☒ NO ☐ |
|---|---|---|---|---|
| FOOT | RESIDENCE/HOME | HOUSING PROJECT | FRONT DOOR | |
| WEATHER | LIGHTING | TRANSPORTATION OF SUSPECT | VICTIM'S ACTIVITY | |
| CLEAR | ARTIFICIAL | | AT HOME | |
| UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | | | RELATIONSHIP TO VICTIM | |
| | | | CHILDRENS FATHER | |

### IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE)

### IS THERE ANY OTHER REASON FOR INVESTIGATION (REASON BELOW)

**BLOCK NO. / NARRATIVE AND ADDITIONAL INFORMATION**

ABOUT 103A OFFICER BERTE IN THE C432A UNIT RESPONDED TO A R/C FOR A MAN WHO HAD BROKEN INTO HIS GIRLFRIENDS APT AT 164 WESTVIEW ST. UPON ARRIVAL OFFICER BERTE, ALONG W/THE C426A UNIT (PO GARCIA) SPOKE W/THE VICTIM AIESHA DIAZ AND WITNESS MELINDA WALSH WHO BOTH STATED THAT THE SUSPECT, GREGORY WRIGHT DID ATTEMPTED TO GAIN ACCESS TO THE APT TO RETRIEVE CLOTHING AND WHEN HE COULDN'T HE KICKED THE DOOR BREAKING THE SLIDE BOLT ON THE DOOR. OFFICERS OBSERVED THE BROKEN LOCK. THE VICTIM FURTHER STATED THAT THERE WAS ARGUING BUT NO PHYSICAL CONFRONTATION. THE SUSPECT WAS HANDCUFFED AND TRANSPORTED TO B3 FOR BOOKING AND CHARGED W/B&E RESIDENCE, NIGHT TIME AND MALISCIOUS DESTRUCTION OF PROPERTY. THE UNEMPLOYED SUSPECT ALSO HAD IN HIS POSSESSION $1422.01 U.S. CURRENCY WHICH WAS COUNTED AND VERIFIED BY LT MCCORMICK AND SECURED IN THE GUN LOCKER.

| UNIT ASSIGNED | TOUR OF DUTY | REPORTING OFFICER'S NAME | REPORTING OFFICER'S SIGNATURE | REPORTING OFFICER'S ID | PARTNER'S ID | FI |
|---|---|---|---|---|---|---|
| C432A | 1 | SAMUEL J BERTE | [signature] | 11293 | | NO |

| DATE OF REPORT | SPECIAL UNITS NOTIFIED (REPORTING) | | | | | TELETYPE NO |
|---|---|---|---|---|---|---|
| 10/10/03 | DOMESTIC VIOLENCE UNIT | | | | | |

| TIME COMPLETED | PATROL SUPERVISOR NAME | PAT. SUP ID | DUTY SUP. NAME | DUTY SUP. SIGNATURE | | DUTY SUP ID |
|---|---|---|---|---|---|---|
| 02:32 AM | | | KELLEY J MCCORMICK | [signature] | | 10564 |

COPY