THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-10001-WGY |
| GREGORY WRIGHT | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR RE-SENTENCING POST REMAND**

The United States of America, by and through its attorneys, Michael J. Sullivan, U.S. attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby file this Opposition to the Defendant's Request to be re-sentenced post remand.

As basis therefore, the government provides as follows:

On September 27, 2005, Wright entered a conditional guilty plea, reserving his right to appeal the suppression ruling. [D. 60]. The district court sentenced Wright to 70 months' imprisonment, to be followed by 3 years' supervised release. [D. 71]. On appeal, Wright claimed error on the part of the district court with respect to the Fourth Amendment issue raised by Wright. United States v. Wright, 485 F.3d 45, 52 (1st Cir.2007). Wright's appeal was limited solely to this issue. He raised no issue regarding the imposed sentence.

On May 4, 2007, the First Circuit vacated the judgment "in light of the district court's factual findings on Wright's conduct" and remanded the case "for further proceedings consistent with this opinion." Wright, 485 F.3d at 54.

There is nothing in the opinion or the remand which touches upon, requires, or permits a re-sentencing.

**POST-REMAND PROCEEDINGS**

With respect to re-sentencing, the district court can only re-sentence post-appellate action pursuant to 28 U.S.C. §2106.[1] 28 U.S.C. §2106 states, in relevant part, that a "court of appellate jurisdiction...may remand...and...require such further proceedings to be had as may be just under the circumstances." It is the nature of those circumstances that limits what action a district court may take post-remand.  "[A]ny issue that could have been raised on appeal, but was not, is waived and thus is not remanded." United States v. Husband, 312 F.3d 247, 250 (7th Cir.2002).  Additionally, "if the opinion identifies a discrete, particular error that can be corrected on remand without the need for a re-determination of other issues, the district court is limited to correcting that error." Id., quoting United States v. Parker, 101 F.3d 527, 528 (7th Cir.1996). "[I]f the court of appeals issues a limited remand, the district court cannot reexamine other issues beyond the scope of the mandate." United

---

[1] While a district court also has re-sentencing authority under Fed.R.Crim.P. 35, that section is not applicable here.

States v. Pimental, 34 F.3d 799, 800 (9th Cir.1994).

As noted, in its mandate, the First Circuit remanded the case in order that the district court respond to the factual issues surrounding the question of suppression. Therefore, based upon that limited mandate, the court cannot re-visit the defendant's sentence.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                       By:  /s/Nadine Pellegrini
                              Nadine Pellegrini


                          CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                      /s/Nadine Pellegrini
                                      Nadine Pellegrini
                                      Assistant United States Attorney


Date: 11/19/2007
Assistant U.S. Attorney